IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ZANDER PACHIS,[1] | § Nos. 284 and 372, 2025 |
| | § **Consolidated** |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN24-05338 |
| RENEE QUAYLE, | § Petition Nos. 24-24207 and |
| | § 24-24187 |
| Petitioner Below, | § |
| Appellee. | § |

Submitted: February 27, 2026
Decided: April 30, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

(1)     The Court previously granted the appellant's request for consolidation of these appeals from decisions of the Family Court in proceedings concerning matters ancillary to his divorce from the appellee and custody of the parties' minor children. After consideration of the parties' briefs and the record on appeal, we conclude that the Family Court's judgments should be affirmed on the basis of the court's custody order dated June 11, 2025, and order on ancillary matters dated August 29, 2025. The appellant's contentions that (i) the custody hearing was moved from the afternoon to the morning without notice to him and (ii) he sought relief

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

from judgment on that basis are contrary to the record and not supported by any documents or information submitted on appeal. The appellant's assertion that the Family Court did not make the required best-interest findings is also misplaced, as the custody order reflects the court's analysis and weighting of each of the factors set forth in 13 *Del. C.* § 722, based on the evidence presented at the hearing. As to the ancillary matters, the appellant has not demonstrated that his third bankruptcy filing triggered an automatic stay,[2] and the Family Court's property-division order accounted for the possibility of various outcomes in the litigation pending in the Court of Chancery. Finally, the appellant's generalized assertions of "cumulative error" and "structural unfairness" provide no basis for reversal.

(2)    The appellee has moved for costs and expenses, including attorneys' fees, arguing that the appeal is frivolous. Under Rule 20(f), the Court may award costs and reasonable expenses, including attorneys' fees, to an appellee in a frivolous appeal. Although none of the appellant's arguments warrant reversal, and some appear to lack any basis in law or fact, we cannot conclude that the appeal is entirely frivolous.

---

[2] *See* 11 U.S.C. § 362(c)(4)(A)(i) ("[I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case . . . .").

NOW, THEREFORE, IT IS ORDERED that the judgments of the Family Court are AFFIRMED. The appellee's motion for fees and costs is DENIED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

3